# NED VANDEVENTER v. STATE

No. A-9283.   May 27, 1938.
(79 P. 2d 1032.)

Walter Henneberry and Edward Crossland, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Holly L. Anderson, Co. Atty., of Tulsa, for the State.

BAREFOOT, J.  The defendant, Ned Vandeventer, was charged by indictment returned by a grand jury of Tulsa county, with the crime of opening and conducting gambling games; was tried, convicted and sentenced to pay a fine of $1,000 and to serve a term of five years in the penitentiary.

This is a companion case of Roy Staley et al. v. State, 64 Okla. Cr. 302, 79 P. 2d 818, decided by this court on the 20th day of May, 1938.  The questions of law presented are identical with the questions presented in that case and it becomes unnecessary to again review them.

The defendant was charged by indictment with opening up and conducting gambling games in violation of Oklahoma Statutes, 1931, section 2193 (Okla. St. Ann., Tit.

21, sec. 941), on December 2, 1935, at "The Oaks", situated on Highway No. 64, in Tulsa county, Okla.

The record reveals that defendant operated and managed this place from some time in September, 1935, until December 2, 1935, the date charged in the indictment. That it was conducted as a night club and gambling hall, and gambling was permitted there. That different persons were employed and paid by defendant, just as in the Roy Staley Case. An orchestra was employed, and meals were also served. Gambling tables and other paraphernalia used in a gambling house were set up, and the evidence showed that people resorted there for the purpose of gambling at the different games. That the playing was for "money, checks, credits and other representatives of value". The defendant was seen there handling the different games, and selling and cashing the checks, and acting as the manager in charge. The evidence was sufficient to sustain the conviction of the defendant.

For the reasons stated in the case of Roy Staley et al. v. State, we are of the opinion that the judgment in this case should be modified from a fine of $1,000 and five years in the penitentiary, to a fine of $1,000 and two years in the penitentiary, and with this modification the judgment of the district court of Tulsa county is affirmed.

DOYLE, J., concurs. DAVENPORT, P. J., absent and not participating.